IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KENDRA Q. WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:12-CV-2860-N |
| | § | |
| JP MORGAN CHASE BANK, | § | |
| | § | |
| Defendant. | § | |

### ORDER

This Order address Defendant JP Morgan Chase Bank, National Association's ("Chase") motion to dismiss or for a more definite statement [4]. For the reasons that follow, the Court grants the motion in part, and denies it in part.

## I. THE PARTIES' REAL PROPERTY DISPUTE

This is a mortgage case. Plaintiff Kendra Q. Williams purchased property in Dallas County. In connection with the purchase, Williams executed a promissory note in favor of Southwest Funding ("Southwest") and delivered the Deed of Trust to Southwest. Some time thereafter, Chase, not Southwest, filed a Notice of Trustee's Sale.[1] Williams filed suit in the 44th District Court of Dallas County, alleging violations of the Texas Property Code, the

---

[1]At the time of filing, Chase had apparently not yet foreclosed on Williams's property. *See* Compl. 8 (requesting relief that Court enter judgment declaring that Chase has no authority to "attempt to foreclose"). The Court does not know whether Chase has since foreclosed.

Texas Business & Commerce Code, and the Texas Finance Code.  Williams' petition also sought a declaratory judgment and brought an action to quiet title.

Chase removed to this Court and moves to dismiss all of Williams's claims, arguing that Williams fails to state a claim upon which relief may be granted.  *See* FED. R. CIV. P. 12(b)(6).

## II.  RULE 12(B)(6) STANDARD

When faced with a Rule 12(b)(6) motion to dismiss or a 12(c) motion, a court must determine whether the plaintiff has asserted a legally sufficient claim for relief.  *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995).  A viable complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  To meet this "facial plausibility" standard, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A court generally accepts well-pleaded facts as true and construes the complaint in the light most favorable to the plaintiff.  *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012). But a court does not accept as true "conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 780 (5th Cir.2007).  A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  Further, "factual allegations must be enough to raise a right to relief above the speculative level on the

assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

Although typically, a Court uses only the pleadings when ruling on a motion to dismiss, the Court is also permitted to take judicial notice of matters of public record, or consider documents attached to a motion to dismiss if they are referred to in the plaintiff's complaint and are central to his claim. *See Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. 2011); *Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004).

### III. WILLIAMS ABANDONED HER TEXAS PROPERTY CODE, TEXAS BUSINESS & COMMERCE CODE, TEXAS FINANCE CODE CLAIMS

Chase moved to dismiss each of Williams's claims. In her response to Chase's motion, Williams opposes only Chase's arguments regarding her quiet title and declaratory judgment claims. Based on her response, Williams has apparently abandoned her Texas Property Code, Texas Business & Commerce Code, Texas Finance Code claims. *See Dilley v. Countrywide Home Loans, Inc.*, CV. No. 11-00168 CAE-BMK, 2011 WL 4073221, at *3 (D. Haw. Sept. 13, 2011) (dismissing those claims to which plaintiff failed to respond in its response brief); *Ron Bianchi & Assoc., Inc v. Ford Motor Co.*, CIV. A. No. 88-2354, 1989 WL 13562, at *6 (E.D. La. Feb. 9, 1989) (same). Thus, the Court grants Chase's motion on those claims.

### III. WILLIAMS STATES DECLARATORY ACTION AND QUIET TITLE CLAIMS

#### A. Williams Has Standing to Challenge Void Assignments

Chase first argues that Williams lacks standing to challenge any assignment. As an initial matter, it is not clear whether Williams's allegations challenge any assignment. Rather Williams seems to dispute the existence of an assignment, not its validity. Williams alleges that "there is no assignment of [the] deed of trust or note from Southwest Funding to Chase Bank," and that Chase "did not acquire any interest in [the] note and/or deed of trust." *See* Compl. ¶ 6. Williams has standing to make these claims. *See Pizzini v. Bank of America, N.A.*, No. CA-12-CV-308-XR, 2012 WL 1834052, at *2 (N.D. Tex. May 18, 2012) (noting general rule that mortgagor has standing to contest validity of foreclosure sale). Further, to the extent Williams attempts to do so, she has standing to challenge the validity of an assignment under some circumstances. As this Court has noted,

> The law is settled that the obligors of a claim may defend the suit brought thereon on any ground which renders the assignment void, but may not defend on any ground which renders the assignment voidable only, because the only interest or right which an obligor of a claim has in the instrument of assignment is to insure himself that he will not have to pay the same claim twice.

*Puente v. CitiMortgage, Inc.*, No. 3:11-CV-2509-N, 2012 WL 4335997, at *6 (N.D. Tex. Aug. 29, 2012) (quoting *Kramer v. Fed. Nat'l Mortg. Ass'n*, No. A-12-CA-276-SS, 2012 WL 3027990, at *4-5 (W.D. Tex. May 15, 2012)); *accord Miller v. Homecomings Fin., LLC*, No. 4:11-CV-04416, 2012 WL 3206237, at *5 (S.D. Tex. Aug. 8, 2012) ("Texas has long followed the common law rule which permits a debtor to assert against an assignee any ground that renders the assignment void or invalid.") (citing *Tri-Cities Constr., Inc. v.*

ORDER – PAGE 4

*American Nat'l Ins. Co.*, 523 S.W.2d 426, 430 (Tex. Civ. App. – Houston [1st Dist.] 1975, no writ); *Glass v. Carpenter*, 330 S.W.2d 530, 537 (Tex. Civ. App. – San Antonio 1959, writ ref'd n.r.e.)).   As the *Glass* court observed, "a debtor may, generally, assert against an assignee all equities or defenses existing against the assignor prior to notice of the assignment, *any matters rendering the assignment absolutely invalid or ineffective*, and the lack of plaintiff's title or right to sue."   330 S.W.2d at 537 (quoting 6 C.J.S. *Assignments* § 132 [no ed. given])[2] (emphasis added).   And, as the *Miller* court recognized, "Texas courts routinely allow a homeowner to challenge the chain of assignments by which a party claims the right to foreclose."   2012 WL 3206237, at *5 (citing *Martin v. New Century Mortgage Co.*, No. 01-11-00792-CV, 2012 WL 2529251 (Tex. App. – Houston [1st Dist.] June 14, 2012, no pet.); *Austin v. Countrywide Home Loans*, 261 S.W.3d 68 (Tex. App. – Houston [1st Dist.] 2008, pet denied); *Leavings v. Mills*, 175 S.W.3d 301 (Tex. App. – Houston [1st Dist.] 2004, no pet.); *Shepard v. Boone*, 99 S.W.3d 263 (Tex. App. – Eastland 2003, no pet.); *Priesmeyer v. Pac. Sw. Bank, F.S.B.*, 917 S.W.2d 937 (Tex. App. – Austin 1996, no writ)).   Thus, nonparties to an assignment, like Williams, have standing to assert that the assignment is *void*, but they lack standing to assert that it is *voidable*.

Williams appears to assert that Chase's assignment is void.   In her complaint, she states that Chase "is not/was not the present owner of the Note or the obligee thereon at all time[s] relevant."   Compl. ¶ 12.   And even though a mortgagee may foreclose on the Deed

---

[2]This text appears unaltered in the current edition of Corpus Jurus Secundum.   *See* 6A C.J.S. *Assignments* § 132.

of Trust without holding the note, *Stephens v. LLP Mortg., Ltd.*, 316 S.W.3d 742, 747 (Tex. App. – Austin 2010, pet. denied), Williams also alleges that there was no assignment of the Deed of Trust. *See* Compl. ¶ 6. Williams asserts that "two entities seem to hold the interest in [the] note and deed of trust at the same time" and thus, she is exposed to multiple liabilities. *Id.* ¶ 6. To the extent that Williams attempts to, Williams has standing to challenge Chase's assignment provided that she argues that any assignment is void.

### B. Williams States a Quiet Title Claim

To prevail on a suit to quiet title, the plaintiff must show (1) an interest in a specific property, (2) title to the property is affected by a claim by the defendant, and (3) the claim is invalid or unenforceable. *U.S. Nat'l Bank Ass'n v. Johnson*, No. 01-10-00837-CV, 2011 WL 6938507, at *3 (Tex. App. – Houston [1st Dist.] 2011, no pet.) (citing cases). A quiet title claimant must base his action on the strength of his own title. *Katz v. Rodriguez*, 563 S.W.2d 627, 629 (Tex. App. – Corpus Christi 1977, writ ref'd n.r.e.).

Chase asserts that Williams does not properly plead such a claim "because she fails to adequately identify any alleged legally significant weakness in the deed of trust and fails to specify any strength of her own title." Def.'s Br. Supp. Mot. Dismiss 8. But in her complaint, Williams states that she is the owner of the property. Compl. ¶ 4. Clearly, Williams's alleged title to the property is affected by an attempted foreclosure by Chase. And Williams alleges that Chase's claim is invalid because Chase does not hold the note, was not assigned the note, does not hold the Deed of Trust, was not assigned the Deed of Trust,

and has no authority from the note holder or the Deed of Trust holder to foreclose on the property. This is sufficient to state a quiet title claim.

### C. Williams States a Claim For Declaratory Relief

Although the Declaratory Judgment Act grants the Court broad authority to issue or to refuse to issue a declaratory judgment, *Torch, Inc. v. LeBlanc*, 947 F.2d 193, 194 (5th Cir. 1991), the Act requires a justiciable controversy between the parties. *Cannon v. JPMorgan Chase Bank, N.A.*, No. 4:11-CV-458, 2011 WL 6838615, at *6 (E.D. Tex. Nov. 16, 2011) (citing cases). Chase argues that there is no justiciable controversy because "the entirety of Plaintiff's complaint is based on the allegation that [Chase] does not have standing to foreclose because [Chase] has not shown it is the holder of the note." Def.'s Brief Supp. Mot. Dismiss 7. According to Chase, this argument is routinely rejected in Texas.

Williams's allegations, however, amount to more than the routinely rejected "show-me-the-note" theory. More than simply alleging that Chase is unable to produce the original note, Williams alleges that Southwest never assigned the note to Chase. And although a mortgagee may still foreclose if it does not hold the note, it must still have some authority to act. Chase alleges that Chase lacks such authority because Southwest also never assigned the Deed of Trust to Chase. *See* Compl. ¶ 6. And although a mortgage servicer may foreclose without holding the Deed of Trust, *Wells v. BAC Home Loans Servicing, L.P.*, No. W-10-CA-00350, 2011 WL 2163987, at *3(W.D. Tex. Apr. 26, 2011), Chase also alleges that Chase lacks authority as a mortgage servicer. Although Texas law does permit a mortgage servicer to initiate foreclosure proceedings, the servicer may only do so if the

ORDER – PAGE 7

mortgagee grants such authority to the servicer.  *See* TEX. PROP. CODE § 51.0025.  The servicer also must disclose its relationship with the mortgagor.  *See id.*  Williams alleges that Chase "is not duly authorized by the actual current owner or Holder of the Note to conduct a foreclosure."[3]  Compl. ¶ 15.  These allegations, taken together, allege that Chase initiated foreclosure proceedings without authority under Texas law.  This is a justiciable controversy and Williams states a declaratory judgment claim.[4]

### C.  *The Court Declines to Consider Chase's Attached Documents*

Chase attaches three documents to its motion to dismiss: (1) Williams's December 30, 2004 Deed of Trust to Southwest Funding; (2) the Assignment of the Deed of Trust to Chase Manhattan Mortgage Corporation; and (3) Williams's February 1, 2006 Loan Modification Agreement with Chase Home Finance LLC.  According to Chase, these three documents clearly establish Chase's chain of title.  Williams opposes the Court's reliance on these

---

[3]Based on Williams's allegations elsewhere in the Complaint, the Court construes this allegation to mean that Chase is also not to dully authorized by the current owner or holder of the Deed of Trust.

[4]Chase also moves to dismiss because, according to Chase, Williams's claims "impose requirements on foreclosure that are not required under Texas law."  Def.'s Br. Supp. Mot. Dismiss 3.  Chase, quite correctly, points out that a failure to record an assignment of a Deed of Trust does not render that assignment invalid.  *See, e.g.*, *Bittinger v. Wells Fargo Bank, N.A.*, 744 F. Supp. 2d 619, 625 (S.D. Tex. 2010).  And Chase is also correct that foreclosure and enforcement of a promissory note are different and that courts should not, and do not, conflate the two mechanisms.  *See, e.g.*, *Reardean v. CitiMortgage, Inc.*, A-11-CA-420-SS, 2011 WL 3268307, at *3 (W.D. Tex. July 25, 2011).  Neither of these correct statements of the law, however, prohibit Williams's quiet title and declaratory judgment actions.  Again, Williams's allegations amount to more than simply that Chase cannot show the original note.  Rather, Williams alleges that Chase does not hold the note or the Deed of Trust, and, indeed, that Chase is a stranger to the entire mortgage transaction.

documents, however, because they serve as "a backdoor attempt at summary judgment" at an early stage in the proceedings. Pl.'s Resp. Def.'s Mot. Dismiss 1. The Court agrees with Williams.

Although the Court may consider documents attached to a defendant's motion to dismiss, those documents must be *central* to the plaintiff's claim. *See Causey v. Sewell Cadillac-Chevrolet, Inc.*, 394 F.3d 285, 288 (5th Cir. 2004). Although Chase's documents are indisputably important to Chase's defense, Williams is not suing on Chase's assignment, nor is Williams suing on the 2006 loan modification agreement.[5] And although the assignment and the 2006 loan modification agreement between Williams and Chase are certainly both compelling evidence that Chase was, at minimum, a mortgage servicer, the evidence is central to Chase's defense, not Williams's claim. To seek a declaratory judgment that Chase has no authority to foreclose, Williams need not produce any evidence of Chase's mortgagee or mortgage servicer status. Rather, it is Chase's duty to show its authority to act. Chase's attached documents might do so, but this does not make them central to Williams's claims.

Thus, the Court declines to consider Chase's attached documents. Although the Court has authority to treat the motion to dismiss as a motion for summary judgment, *see Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 283 (5th Cir. 1993), the Court declines to do so. If Chase considers its documentary evidence as conclusive proof of its

---

[5]Although the 2004 Deed of Trust is a public record and is also likely central to Williams's claims, the Deed does not mention Chase and thus, without Chase's other two documents, fails to show anything regarding Chase's chain of title.

chain of title, it should file a motion for summary judgment rather than attach its documentary defense to a motion to dismiss. Because Williams states declaratory judgment and quiet title actions, the Court denies Chase's motion as to those claims. For the same reason, the Court denies Chase's alternative motion for a more definite statement as to those claims.

### CONCLUSION

Because Williams failed to respond to Chase's motion to dismiss her Texas Property Code, Texas Business & Commerce Code, and Texas Finance Code claims, the Court grants Chase's motion as to those claims. However, because Williams states claims for quiet title and declaratory judgment, the Court denies Chase's motion as to those claims.

Signed March 12, 2013.

David C. Godbey
United States District Judge